OPINION
Appellant State of Ohio is appealing the decision of the Richland County Court of Common Pleas that found R.C. Chapter 2950 violated Sections 9 and 10, Article I of the United States Constitution and Section 28, Article II of the Ohio Constitution. The following facts give rise to this appeal.
The Richland County Grand Jury indicted appellee on January 3, 1992, charging him with thirteen counts of rape, nine counts of felonious sexual penetration, thirteen counts of gross sexual imposition, and two counts of attempt. On February 14, 1992, the state amended the indictment and dismissed all but ten counts. Appellee entered a plea of no contest to the remaining counts and the trial court sentenced him accordingly.
After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellee is incarcerated recommended that appellee be classified a "sexual predator". Prior to this hearing, appellee filed a motion challenging the constitutionality of R.C. Chapter 2950. On August 19, 1997, the trial court issued a judgment entry finding R.C. Chapter 2950 unconstitutional on ex post facto and retroactive grounds.
The State of Ohio timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPLICATION OF OHIO REVISED CODE CHAPTER 2950 DOES NOT VIOLATE THE UNITED STATES CONSTITUTION.
 II. APPLICATION OF OHIO REVISED CODE CHAPTER 2950 DOES NOT VIOLATE THE OHIO CONSTITUTION.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern the retroactive application of R.C. Chapter 2950. Appellant maintains, in its first assignment of error, the retroactive provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause of the United States Constitution. In its second assignment of error, appellant contends the retroactive provisions of R.C. Chapter 2950 do not violate Section 28, Article II of the Ohio Constitution. We agree with both assignments of error.
We previously addressed these issues in the case of State v.McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported. Based on the Ohio Supreme Court's decision in State v. Cook
(1998), 83 Ohio St.3d 404, we found R.C. Chapter 2950 is not unconstitutional on ex post facto and retroactive grounds. In reaching this conclusion, we relied on paragraphs one and two of the syllabus in the Cook decision. These paragraphs provide as follows:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Pursuant to the Ohio Supreme Court's decision in Cook and our recent decision in the McIntyre case, we sustain appellant's first and second assignments of error.
Appellant's first and second assignments of error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J., Gwin, J., and Reader, V.J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 210
JUDGMENT ENTRY
CASE NO. 97 CA 65
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
______________________________
______________________________
 ______________________________ JUDGES